IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTONIO HOLLINGS,<br><br>     Plaintiff,<br><br>  vs.<br><br>LPD,<br><br>     Defendant. | 8:18CV12<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff Antonio Hollings, a prisoner, has filed a "Complaint for Violation of Civil Rights" (filing no. 1) and a Motion for Leave to Proceed in Forma Pauperis (filing no. 2). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

  The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

  Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff's Complaint names "LPD" as Defendant, but contains absolutely no allegations regarding what LPD did to violate Defendant's civil rights or cause him injury. In fact, the form Complaint utilized by Plaintiff is almost entirely blank save for Plaintiff's identifying information, signature, and his indication that he is bringing a claim under 42 U.S.C. § 1983 which arose while he was incarcerated in "LCDOC." (Filing No. 1 at CM/ECF pp.2–3, 6, 11.)

Even when liberally construed, the Complaint does not contain any claims or allegations against LPD or any other individual. Accordingly, the court will dismiss Plaintiff's Complaint because it fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is denied.

3. The court will enter judgment by a separate document.

Dated this 22nd day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge